UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| TAMMIE BICKFORD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-295 |
| | ) | |
| v. | ) | |
| | ) | |
| LIFE CARE CENTER OF AMERICA | ) | |
| d/b/a LIFE CARE CENTER OF | ) | |
| SPARTA and SPARTA MEDICAL | ) | |
| INVESTORS, LP, | ) | Chief Judge Curtis L. Collier |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are motions in limine filed by Plaintiff Tammie Bickford (Court File Nos. 51, 52, 61) and Defendants Life Care Center of America and Sparta Medical Investors, LP (Court File Nos. 54, 55, 56, 57, 58). For the following reasons, the motions in limine to exclude the testimony of Dr. Harold Cameron MacManus and Sharon Anderson are **DENIED** (Court File Nos. 57, 58), the objection to the admission of the decision of the Department of Labor and Workforce Development as an exhibit on hearsay grounds is **DENIED** (Court File No. 61), and the objection to the admission of Dr. MacManus's medical file of Plaintiff is **DENIED** (Court File No. 64). The Court declines to rule on the remaining motions in limine (Court File Nos. 51, 52, 54, 55, 56) and objections (Court File Nos. 61, 64) at this stage.

The case involves claims under the Family and Medical Leave Act (FMLA). Plaintiff alleges Defendants interfered with her rights under the FMLA by terminating her after she requested FMLA leave and by discriminating against her by terminating her in retaliation for her FMLA leave request.

Defendants argue Plaintiff's treating medical personnel, Dr. Harold Cameron MacManus

(MacManus) and Sharon Anderson (Anderson), are experts under Fed. R. Evid. 702 and their testimony should be excluded pursuant to Fed. R. Civ. P. 37(c)(1), as Plaintiff failed to disclose them as experts under Fed. R. Civ. P. 26(a)(2)(A). Rule 26(a)(2), Federal Rules of Civil Procedure is triggered by testimony regarding scientific, technical, or other specialized matters, not by the status of a person. Thus, even though a health care professional clearly has specialized knowledge in the medical field, a doctor may testify as a fact witness on matters of which the doctor has firsthand knowledge. "As a general rule, if a witness will testify as to information acquired not in preparation for trial, but rather because the witness was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit, that witness need not be disclosed as an expert." *6 Moore's Federal Practice* § 26.23(2)(a)(ii). However, expert testimony, which "results from a process of reasoning which can be mastered only by specialists in the field," cannot be introduced by a lay witness. Fed. R. Evid. 701, 2000 Amendments (quoting *State v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992)). Based on a review of the record, the depositions of MacManus and Anderson do not encompass opinion testimony under Fed. R. Evid. 702 and Plaintiff was not required to disclose them as experts under Fed. R. Civ. P. 26(a)(2)(A).

Defendants also seek to exclude evidence of Debra Ann Prater's (Prater) lawsuits, including a conviction for passing a worthless check 15 to 20 years ago, and judgments against her for medical expenses and loans. Plaintiffs respond the evidence is probative as to Prater's credibility. The prior judgments and conviction are not relevant to the issue of whether Defendants violated Plaintiff's rights under the FMLA. Although they may be relevant to Prater's credibility, Fed. R. Evid. 608 excludes evidence of specific instances of conduct and the lawsuits do not fall under an exception to this rule.

2

Plaintiff seeks to exclude the decision of the Department of Labor and Workforce Development, which Defendants identified as an exhibit, as inadmissible hearsay. The Court notes the decision falls under the public records exception to hearsay. Fed. R. Evid. 803(8)(c); *Chandler v. Roudebush*, 425 U.S. 840, 864 (1976); *see also Green v. La. Casino Cruises, Inc.*, 294 F. Supp. 2d 870, 871-72 (M.D. La. 2003) (denying a motion in limine to exclude an administrative decision by the state department of labor as relevant, admissible evidence, despite the fact the findings were not binding on the court under the doctrines of res judicata or collateral estoppel). Plaintiff has not shown information or circumstances indicating a lack of trustworthiness. Thus, the decision is not inadmissible hearsay. Plaintiff also argues the decision should be excluded on grounds of prejudice. At this preliminary stage, the Court is unable to determine whether the decision will be overly prejudicial to Plaintiff under Fed. R. Evid. 403 and makes no ruling on whether it will be excluded due to the danger of unfair prejudice.

Defendants seek to exclude Plaintiff's medical files as inadmissible hearsay. MacManus testified the records were kept in the course of regularly conducted business and were made at or near the time the information was received (Court File No. 60, pp. 2, 4). Thus, MacManus's medical file on Plaintiff is not excluded by the hearsay rule under the business records exception. Fed. R. Evid. 803(6).

As stated above, the Court will exclude evidence of Prater's prior lawsuits (Court File No. 55). The testimony of MacManus and Anderson will be admitted (Court File Nos. 57, 58). Finally, the Court finds the decision of the Tennessee Department of Labor and Workforce (Court File No. 61) and Plaintiff's medical file from MacManus (Court File No. 64) are not excluded by the hearsay rule under Fed. R. Evid. 803.

SO ORDERED.

ENTERED:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**