UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| TAMMIE BICKFORD | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-295 |
| | ) | |
| v. | ) | |
| | ) | |
| LIFE CARE CENTER OF AMERICA | ) | |
| d/b/a LIFE CARE CENTER OF | ) | |
| SPARTA and SPARTA MEDICAL | ) | |
| INVESTORS, LP, | ) | Chief Judge Curtis L. Collier |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is a motion to alter of amend a judgment (Court File No. 68) filed by Plaintiff in response to the Court's order (Court File No. 67) partially granting Defendants' motion for summary judgment. For the reasons discussed below, the Court **DENIES** the motion.

A court may grant a Rule 59(e) motion to alter or amend if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Plaintiff apparently grounds the instant motion on a clear error of law, claiming the Court made factual errors in determining whether Plaintiff had a serious health condition under the Family and Medical Leave Act (FMLA) and whether Plaintiff provided adequate notice to Defendants concerning her absences in 2006.

The FMLA protects an eligible employee's need to "take reasonable leave for medical reasons," 29 U.S.C. § 2601(b)(2), including time off for a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. §

2612(a)(1)(D). A serious health condition is defined as "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). Since Plaintiff did not receive inpatient care for her 2006 absences, the Court evaluated her illnesses under the "continuing treatment" prong. Plaintiff contends the Court failed to consider whether the conditions were chronic or long term serious health conditions as defined in 29 C.F.R. § 825.115(c) and (d), which is irrelevant, since the Court found Plaintiff had no periods of incapacity in 2006. Periods of incapacity due to a chronic serious health condition are covered under the FMLA where the condition: "(1) Requires periodic visits (defined as at least twice a year) for treatment by a health care provider . . . ; (2) Continues over an extended period of time (including recurring episodes of a single underlying condition); and (3) May cause episodic rather than a continuing period of incapacity." 29 C.F.R. § 825.115(c). The FMLA also covers:

> A period of incapacity which is permanent or long term due to a condition for which treatment may not be effective. The employee . . . must be under the continuing supervision of, but need not be receiving active treatment by, a health care provider. Examples include Alzheimer's, a severe stroke, or the terminal stages of a disease.

29 C.F.R. § 825.114(d).

To qualify as a serious health condition under the continuing treatment prong, including the regulations encompassing chronic or long term conditions, Plaintiff must show she suffered from a period of incapacity due to the illness. "Under the plain language of the statute and regulations, this [incapacity] is a threshold consideration." *Olsen v. Ohio Edison Co.*, 979 F. Supp. 1159, 1164 (N.D. Ohio 1997). In the Court's memorandum supporting the grant of summary judgment on Plaintiff's FMLA claims arising out of her 2006 absences, the Court found Plaintiff had not demonstrated a genuine issue of material fact as to whether the absences were due to a serious health

condition since a fair-minded jury would not be able to determine Plaintiff was incapacitated for the relevant periods. Plaintiff points to her affidavit in which she asserted she was incapable of working during her 2006 absences due to her medical conditions. However, as previously established by the Sixth Circuit Court of Appeals, "Plaintiff's own allegations and, at best, ambiguous doctor notes" are insufficient to demonstrate a serious health condition. *Lackey v. Jackson County, Tenn.*, 104 Fed. App'x 483, 489 (6th Cir. 2004) (unpublished). As the Court discussed in its memorandum, Dr. MacManus's testimony failed to adequately demonstrate Plaintiff suffered from illnesses that rendered her incapacitated for the relevant time periods. *See also Brannon v. Oshkosh B'Gosh*, 897 F. Supp. 1028, 1037 (M.D. Tenn. 1995) (finding no serious health condition where the plaintiff had no proof beyond her own testimony that she was sick, even though a doctor gave her three prescription drugs and later testified it was reasonable for someone with plaintiff's illness to miss three or four days of work). The evidence on the record is insufficient to show Plaintiff's illnesses rendered her incapacitated during 2006. Thus, Plaintiff failed to demonstrate a genuine issue of material fact as to whether her 2006 absences warranted FMLA coverage.

Plaintiff also disputes the Court's finding of insufficient evidence demonstrating Plaintiff gave adequate notice to Defendants concerning whether her absences were covered by the FMLA. Plaintiff points to evidence showing her employers knew she had problems with hypertension. However, this information is irrelevant to her 2006 absences, which Plaintiff does not show resulted from her hypertension.[1] Even assuming Plaintiff's absences were caused by serious health

---

[1] Although Plaintiff suggests her May 2006 absence may have been related to her problems with hypertension, Dr. MacManus testified her exhaustion was "probably due to her anxiety and depression" and the excuse from work did not specify any illness. While Plaintiff generally asserts she told her supervisor she was missing work for health reasons, the evidence does not support an assertion that her employers would be aware any of her 2006 absences were due to serious health

3

conditions and her employer knew she had the medical conditions, notice is the critical element that links the absences to FMLA coverage. In order to establish notice, Plaintiff must show that she gave her employers sufficient information such that they would know her illness might be a serious health condition and her absence could warrant FMLA coverage. Even if Plaintiff did have serious health conditions covered by the FMLA for her 2006 absences, Plaintiff has not demonstrated her employers had adequate information about the relevant illnesses to place them on inquiry notice for FMLA purposes.

For the reasons stated above, the Court does not find clear error stemming from its order granting partial summary judgment to Defendants based on Plaintiff's 2006 absences. Therefore, Plaintiff's motion is **DENIED**.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

conditions, chronic or otherwise. Thus, the record does not demonstrate Plaintiff provided sufficient information to her employers to require them to inquire into whether her absence would be covered under the FMLA.